IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MICHELLE SIPE and
JILL GROSS

        Plaintiffs,

        v.

AMERICAN CASINO &
ENTERTAINMENT PROPERTIES,
LLC,

        Defendant.

_____

16cv124
**LEAD CASE**
**ELECTRONICALLY FILED**


MICHELLE SIPE and
JILL GROSS

        Plaintiffs,

        v.

DECKERS OUTDOOR
CORPORATION,

        Defendant.

_____

16cv164
**MEMBER CASE**
**ELECTRONICALLY FILED**

LEATRICE FULLERTON, MICHELLE
SIPE,

   Plaintiffs,

     v.

REGIS CORPORATION,

   Defendant.

_____

16cv228

**MEMBER CASE**

**ELECTRONICALLY FILED**

SCOTT LACEY and MICHELLE SIPE,

   Plaintiffs,

     v.

COLLECTIVE BRANDS, INC.,

   Defendant.

_____

16cv232

**MEMBER CASE**

**ELECTRONICALLY FILED**

SCOTT LACEY AND
MICHELLE SIPE,

   Plaintiffs,

     v.

GENESCO, INC.,

   Defendant.

_____

16cv246

**MEMBER CASE**

**ELECTRONICALLY FILED**

JESSICA HODGES, MICHELLE SIPE

                Plaintiffs,

                      v.

METLIFE, INC.,

                Defendant.

_____

16cv267
**MEMBER CASE**
**ELECTRONICALLY FILED**

MICHELLE SIPE, R. DAVE NEW,
and ACCESS NOW, INC., *a not-for-profit*
*corporation*,

                Plaintiffs,

                      v.

HARBOR FRIEGHT TOOLS, USA, INC.,

                Defendant.

16cv314
**MEMBER CASE**
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT

Presently before the Court is Defendant Harbor Freight's Motion to Dismiss and Brief in Support. Doc. nos. 23, 24 at 16cv314. The sole basis for this Motion is Harbor Freight's claim that it filed a declaratory judgment action in the United States District Court for the Central District of California on March 1, 2016 ("the California Lawsuit"), seeking a resolution of purportedly the same claims Plaintiffs raise in the instant lead case, and all consolidated cases. Said Defendant's Motion shall be denied for the reasons set forth herein.

## I. Background

### A. F.R.Civ.P. 1

Rule 1 of the Federal Rules of Civil Procedure states:

> These rules govern the procedure in all civil actions and proceedings in the
> United States district courts, except as stated in Rule 81. They should be
> construed, administered, and employed by the court and the parties to secure
> the just, speedy, and inexpensive determination of every action and
> proceeding.

F.R.Civ.P. 1.

Rule 1 was amended in 2015, and the Comment regarding this 2015 amendment to

F.R.Civ.P. 1 indicates:

> Rule 1 is amended to emphasize that just as the court should construe and
> administer these rules to secure the just, speedy, and inexpensive
> determination of every action, so the parties share the responsibility to employ
> the rules in the same way. Most lawyers and parties cooperate to achieve
> these ends. But discussions of ways to improve the administration of civil
> justice regularly include pleas to discourage over-use, misuse, and abuse of
> procedural tools that increase cost and result in delay. Effective advocacy is
> consistent with – and indeed depends upon – cooperative and proportional use
> of procedure.

### B. Consistent with F.R.Civ.P. 1, Fifteen Earlier Cases Were Successfully Resolved

Prior to filing the lead case in this matter (case no. 16cv124) on January 29, 2016,

Plaintiffs' counsel filed a substantially similar case at case no. 15cv1000 (*Jahoda v. Foot Locker,*

*Inc.*). This Court consolidated fourteen other cases with the *Jahoda* case.

Like the instant matter (16cv124), Plaintiffs in *Jahoda* and its fourteen consolidated cases

sought relief under the Americans with Disabilities Act ("ADA"), asserting that the corporate

Defendants' websites therein were not accessible to blind and visually impaired consumers. This

underlying issue in the *Jahoda* cases (*i.e.,* the inaccessibility of certain websites to blind and

visually impaired individuals) is the same as the issue presented in the instant matter (16cv124 or "*Sipe*") and all of the matters consolidated under *Sipe* at 16cv124.

All fifteen *Jahoda* cases were resolved in about nine months from the date of the first filed case to the date of the closing of the last case. Plaintiffs' counsel and Defenants' counsels therein worked professionally together, understanding that it was in the Defendant companies' interest to provide greater access to their products and services to the blind and visually impaired. Also, Plaintiffs' counsel did not over-litigate these cases in order to have the potential of greater fees, but agreed to mediate these cases early. With the cooperation of the Parties, a well-respected mediator of substantial expertise, Arthur J. Stroyd, Esquire, was appointed to mediate all fifteen *Jahoda* cases. A consolidated Initial Case Management Conference was held on January 29, 2016, and a Case Management Order (doc. no. 55) and Pretrial/Trial Order (doc. no. 56) were entered. Thereafter, all fifteen cases settled – in a just, speedy, and inexpensive manner.

### C. Consistent with F.R.Civ.P. 1, this Court has Followed the Same Procedure in the Instant Cases

To date, the Court has consolidated seven other matters with the *Sipe* case because the issue presented in *Sipe* is the same issue that is presented in each of the seven other matters: namely, whether Defendants' websites are accessible to blind and visually impaired consumers and, therefore, ADA compliant.[1] The main reason the instant *Sipe* matter and each of the seven matters consolidated under *Sipe* were not made part of the *Jahoda* line of cases was that the *Jahoda* cases were consolidated as they were filed, and were promptly resolved.

---

[1] Two of these eight cases have already settled: Case Nos. 16cv250 and 16cv245. If one or more of these cases do not settle, then this Court will establish a firm trial date at the upcoming Initial Case Management Conference which will be held on April 22, 2016.

Ironically, the first case to be consolidated with the *Jahoda* line of cases was a case where Michelle Sipe (the lead plaintiff in the lead case related to the instant matter) sued Toys 'R Us. Toys 'R Us was represented by Attorney Hurley – who represents Defendant Harbor Freight, which is the party moving to dismiss the current lawsuit (case no 16cv214). As noted above, the *Toys 'R Us* lawsuit (like all the other *Jahoda* consolidated cases) resolved speedily and inexpensively after consolidation. Accordingly, Attorney Hurley (who now files the instant Motion to Dismiss on behalf of Harbor Freight) is well aware of the Court's practices and process for handling these matters, and his past client(s) have benefitted from the just, speedy, and inexpensive determination of these actions.

## II. Current Status / Discussion

This Court intends to manage the *Sipe* cases in precisely the same manner it managed the *Jahoda* cases. In so doing, the Court is hopeful that the *Sipe* cases will achieve similar results as the *Jahoda* cases – meaning the just, speedy, and cost-efficient outcomes – all of which comply with F.R.Civ.P. 1.

Despite Attorney Hurley's past experience with the process this Court established through its case management of the *Jahoda* series of cases, Attorney Hurley in the *Sipe* case now takes what amounts to a preemptive strike against Plaintiffs and Plaintiffs' law firm in their Brief in Support of Harbor Freight's Motion to Dismiss. Attorney Hurley suggests that Harbor Freight's decision to file the California Lawsuit was done because Plaintiffs' Counsel failed to identify their client. However, by filing the California Lawsuit, this Court notes that Defendants have only succeeded in: (1) harassing Plaintiffs' counsel, and (2) possibly making the rights of the blind and visually impaired Plaintiffs more difficult to enforce.

Notwithstanding Attorney Hurley's assertions as to why he convinced his client, Harbor Freight, to file the California Lawsuit, the Court notes that Attorney Hurley was aware of the *Sipe* and related lawsuits prior to Plaintiffs' filing of the *Sipe* Complaint, because (as admitted by Attorney Hurley) counsel for Plaintiffs sent a letter to Attorney Hurley (as representative of Harbor Freight) to ascertain if the filing of a lawsuit would be necessary. This pre-litigation letter sent by Plaintiffs' counsel to Attorney Hurley pre-dated the filing of the California Lawsuit filed by Attorney Hurley on behalf of Harbor Freight.

Simply put, Attorney Hurley's decision to file the California Lawsuit after receiving a pre-litigation letter from the very same law firm who represented blind and visually impaired clients against his client, Toys 'R Us, for its alleged non-ADA compliant website, is disingenuous at best, and in bad faith at worst. The pre-litigation letter placed Harbor Freight on notice that its website was allegedly non-ADA complaint for blind and visually impaired individuals, and Attorney Hurley upon receipt of this letter, instead of assisting his client, Harbor Freight, by speedily and inexpensively achieving the same result he obtained through court-ordered mediation for his Toys 'R Us client, opted to initiate another federal lawsuit in a different District, inflicting substantial litigation costs upon his client, Harbor Freight. By filing the instant Motion to Dismiss, Attorney Hurley's actions have placed additional litigation costs on Harbor Freight. These practices certainly violate the spirit and the letter of the law as set forth in F.R.Civ.P. 1.

Furthermore, this sort of lawyering exhibited by Attorney Hurley risks discouraging Plaintiffs and their counsel from seeking pre-litigation solutions – clearly, the most expedient and cost-effective means of resolving legal matters. If Attorney Hurley had not been involved in the *Jahoda* line of cases through his client Toys 'R Us, then the filing of the California Lawsuit

might be more understandable. The Court's management of the *Jahoda* cases not only complied

to the fullest extent with F.R.Civ.P. 1, but had the overall effect of enabling those Defendants

who wish to settle, to more quickly make their websites better accessible to blind and visually

impaired individuals, which is what is supported not only by the ADA, but by public policy and

fruitful commerce.

On a final note, Attorney Hurley cites case law from the United States Court of Appeals

for the Third Circuit, hoping to bind this Court to the "first-filed" rule, and accede to his desire to

try the *Sipe v. Harbor Freight* case in California. *See E.E.O.C. v. University of Pennsylvania*,

850 F.2d 969 (3d Cir. 1988). In the E.E.O.C. case, the Court of Appeals summarized the "first-

filed" law as follows:

> The first-filed rule encourages sound judicial administration and promotes
> comity among federal courts of equal rank. It gives a court "the power" to
> enjoin the subsequent prosecution of proceedings involving the same
> parties and the same issues already before another district court. *See
> Triangle Conduit & Cable Co. v. National Elec. Products Corp.,* 125 F.2d
> 1008, 1009 (3d Cir.), *cert. denied*, 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed.
> 1750 (1942). <u>That authority, however, is not a mandate directing wooden
> application of the rule without regard to rare or extraordinary
> circumstances, inequitable conduct, bad faith, or forum shopping.</u> District
> courts have always had discretion to retain jurisdiction given appropriate
> circumstances justifying departure from the first-filed rule. *See Crosley
> Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475–76 (3d Cir.),
> *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *accord
> Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th
> Cir.1982); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423–24 & n. 4
> (2d Cir.1965); *cf. Colorado River Water Conserv. Dist. v. United States*,
> 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (no
> precise rule governs relations between federal district courts possessing
> jurisdiction, but general principle is to avoid duplicative litigation*); Kline
> v. Burke Constr. Co*., 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226
> (1922) (forbearance exercised by coordinate federal courts is
> discretionary) (quoting *Covell v. Heyman*, 111 U.S. 176, 182, 4 S.Ct. 355,
> 358, 28 L.Ed. 390 (1884)).

850 F.2d at 971-72 (emphasis added).

This Court finds that there are ample bases upon which this Court may disregard the "first-filed" rule in this case, the two primary bases being: (1) rare or extraordinary circumstances are present; and (2) it appears that Attorney Hurley may be acting in bad faith or forum shopping given his decision to engage in inequitable conduct by filing the California Lawsuit. This Court has arrived at this decision because of Attorney Hurley's past experience in the *Jahoda* line of cases through his representation of Toys 'R Us – a case where the Plaintiffs' attorneys, the District Court, the under-assigned Judge, and the issue (whether a corporate website had to comply with the ADA so as to enable blind and visually impaired individuals access to the website), were identical to those present in the instant matter.

### III. Conclusion

For all of the reasons set forth above, this Court will deny the Defendant's Motion to Dismiss. An appropriate Order is attached below.

### ORDER OF COURT

AND NOW this 20th day of April, 2016, Defendant Harbor Freight's Motion to Dismiss is **DENIED**. Defendant is **ORDERED** to file an Answer to the Complaint on or before April 29, 2016, and Harbor Freight's Chief Trial Counsel is instructed to review the Court's Case Management Order dated February 22, 2016 (doc. no. 6) so as to be fully prepared to paticipate in person at the Case Management Conference on April 22, 2016 at 9:00 a.m.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     ECF registered counsel of record